(57 App. Div. 234.)

### TOWNSEND v. BINGHAMTON R. CO.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

STREET RAILROADS—NEGLIGENCE—PASSENGER—CONTRIBUTORY NEGLIGENCE—
    INSTRUCTIONS.

> Where plaintiff boarded one of defendant's street cars at the front platform, and stood there because, according to his testimony, he could not open the door, and when the car ran on a curve he was thrown off and injured, an instruction that it was the duty of the plaintiff to get on the car by the rear platform, and seat himself if he could by reasonable effort, and that his failure to do so was negligence, was erroneous; there being no notice forbidding entrance at the front platform, or apparent danger in so doing, though he apparently might have entered by the rear door.

Appeal from trial term.

Action by Warren L. Townsend against the Binghamton Railroad Company. There was a judgment in favor of defendant, and from an order granting a new trial defendant appeals. Affirmed.

Defendant operated by electricity a line of street cars in Binghamton. Plaintiff boarded one of such cars at the front platform. He claims that he tried to enter the front door, and take a seat inside, but could not open it. The car went on, he standing upon the front platform. It came to a very sharp curve, and was running so fast that he was thrown off, and so seriously injured that he lost his leg. He brought this action to recover damages for such loss. Questions of fact were litigated on the trial, as to the speed of the car and the angle of the curve; also as to whether the front door could or could not have been opened had the plaintiff tried to do so. When the trial judge left the case to the jury, he instructed them as follows: "Under the circumstances disclosed by the evidence in the case, it was the duty of the plaintiff to get on the car by the rear platform, and seat himself inside, if he could do so by reasonable effort, and his failure so to do was negligence on his part,"— to which instruction the plaintiff excepted. The jury rendered a verdict for the defendant. On a motion for a new trial, upon a case and exceptions, the trial judge granted a new trial upon the sole ground that the above instruction was error, and from such order this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

George B. Curtiss, for appellant.

Stephen C. Millard, for respondent.

PARKER, P. J. It is apparent that such instruction to the jury was error, which must have been prejudicial to the plaintiff. Both entrances to the car were alike, and there was no reason why the front one should not have been used as well as the rear one. There was no notice to the plaintiff forbidding him to do so,—no reason apparent to him why he could not safely enter in that way. Clearly, it could not be said, as matter of law, that it was negligence for him to board the car at the front end, even though he might have easily got on at the rear end. Yet the jury were substantially told that the question of plaintiff's contributory negligence depended upon whether he, by reasonable effort, could have boarded the car at the rear end. There was no real claim during the trial that he could not have done so, and it is difficult to see how the jury could avoid a verdict for the

defendant in the face of such a charge. The jury, of course, received that instruction as the law of the case; and, believing that he could easily have entered at the rear end, the question of defendant's negligence, and of plaintiff's, so far as his conduct after he got onto the car is concerned, was in all probability not considered by them. Under the charge, such questions became unimportant, because the plaintiff, having got on to the front end, when he could easily have got on to the rear, was by that negligent act barred from recovery. It is probable, as suggested by the appellant's counsel, that neither the defendant's counsel nor the court intended that such instruction should have the meaning here put upon it. But it is so precise and distinct, and so clear that the jury must have understood it that way, that it cannot be overlooked as harmless error. The order appealed from must be affirmed, with costs. All concur; MERWIN, J., in result.